IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 12, 2015

**STATE OF TENNESSEE v. TYLER ALEXIS DIXON**

**Direct Appeal from the Circuit Court for Lincoln County**
**Nos. 14-CR-145, 14-CR-146, 14-CR-147    Forest A. Durard, Jr., Judge**

---

**No. M2015-00543-CCA-R3-CD – Filed March 23, 2016**

---

The appellant, Tyler Alexis Denton, pled guilty in the Lincoln County Circuit Court to three counts of selling less than one-half gram of cocaine within a drug-free zone and three counts of delivering less than one-half gram of cocaine within a drug-free zone, Class C felonies. The trial court merged each count of delivering cocaine into its corresponding count of selling cocaine and sentenced the appellant to three, concurrent sentences of five and one-half years. On appeal, the appellant contends that the length of his sentences is excessive. Based upon the record and the parties' briefs, we affirm the judgments of the trial court. However, we remand the case to the trial court for correction of the judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed, and the Case is Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

William J. Harold, Lewisburg, Tennessee, for the appellant, Tyler Alexis Dixon.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Robert J. Carter, District Attorney General; and William J. Harold, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In October 2014, the Lincoln County Grand Jury charged the appellant in three separate indictments. In each indictment, the appellant was charged with count one, selling less than one-half gram of cocaine base within a drug-free school zone, and count two, delivering less than one-half gram of cocaine base within a drug-free school zone. The indictments alleged that the six offenses occurred on September 13, November 5, and November 14, 2013.

During a guilty plea hearing on January 6, 2015, the State advised the trial court that on the three dates alleged in the indictment, a confidential informant (CI) purchased crack cocaine from the appellant in exchange for money provided by law enforcement and that all three buys occurred "just a little over 300 feet from a playground and basketball court that are maintained by the Fayetteville Housing Authority." The court informed the appellant that the offenses were Class C felonies and that his range of punishment was three to fifteen years, depending on his prior criminal history. The court also informed the appellant that count two in each indictment would merge into count one. The court accepted the appellant's guilty pleas and scheduled a sentencing hearing. On January 20, 2015, the court held a second plea hearing to inform the appellant that he was subject to additional fines and was required to serve at least the minimum sentence in the range pursuant to Tennessee Code Annotated section 39-17-432(b)(3) and (c) because the offenses occurred within 1,000 feet of a park.[1] The trial court recessed the hearing so that the appellant could discuss whether he wanted to withdraw his guilty pleas in light of this new information. When the hearing resumed on February 3, the appellant advised the court that he did not want to withdraw his pleas.

At the appellant's sentencing hearing, Jenna Miller of the Tennessee Department of Correction testified that she prepared the appellant's presentence report and interviewed him in confinement on January 8, 2015. She said that the appellant had prior misdemeanor convictions of assault and trespassing and that "[a] lot of other stuff has been dismissed or retired . . . or just traffic offenses." The appellant admitted to Miller that he used to consume alcohol daily and that he had been using crack cocaine almost every day for the past three years. The appellant told Miller that he was addicted to the drug and that he wanted treatment. The appellant was employed over the years but was unable to maintain employment due to his drug addiction.

On cross-examination, Miller testified that the appellant had never violated probation. The appellant told Miller that he suffered from bipolar disorder, severe anxiety disorder, and gender dysphoria. He also told her that he attended cosmetology school for about one and one-half years and that he needed about 100 hours to graduate. The appellant had received some therapy at Centerstone.

___

[1] The court had failed to inform the appellant of these requirements at the previous plea hearing.

The appellant testified that he began using illegal drugs when he was about twenty years old and that he had been using them ten years. He said that he came from a good family but that he ended up homeless in Huntsville, Alabama, and prostituted himself to get money for his drug habit. He stated that he was a "crack head" and a "crack smoker" but that he was not a "dope man." He said that he felt "good" and "clear" since entering confinement and that, if released, he would put God first, receive treatment for his addiction, and live with his mother.

On cross-examination, the appellant testified that "I don't sell dope." He said that he attended cosmetology school and tried to obtain various employment but that "I wear a hair weave and I dress as a women every day, it is hard to get a job." He said he had never received treatment for his drug addiction because it was expensive and he did not have health insurance. However, he was receiving free therapy at Centerstone for anger issues.

The State introduced the appellant's presentence report into evidence. According to the report, the then thirty-year-old appellant was a high school graduate and had a daughter. In the report, the appellant described his mental health as "fair" due to bipolar disorder, severe anxiety disorder, and gender dysphoria and described his physical health as "good" without any physical problems. The appellant stated in the report that he began using alcohol when he was sixteen years old and consumed four, forty-ounce beers per day. At the time of the report, he was no longer drinking alcohol because he was in confinement. Regarding his drug use, the appellant stated that he used crack cocaine as often as he could before he was incarcerated and that he needed help. The appellant said he began attending Fayetteville College of Cosmetology when he was twenty-eight years old. Prior to cosmetology school, he worked as a stocker at Walmart for about one year, as a machine operator for C&S Plastics in Fayetteville, and as a cook at Hardees in Huntsville. However, he quit all three jobs due to his drug use. The report showed that the appellant had prior convictions of simple assault and criminal trespassing in 2014. It also showed that he had three traffic offenses. The appellant made a statement for the report in which he gave his version of the crimes in this case. He acknowledged that the State's version at the plea hearing was correct but maintained that he was not a drug dealer and that he sold drugs to the CI because she was a close friend and he trusted her.

The trial court found that the appellant was a Range I, standard offender and applied enhancement factor (1), that "[t]he defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(1). The court found no mitigating factors applicable. The court stated that "[c]ontrary to Mr. Dixon's assertion that he is not a drug dealer, this occurred on three different occasions over the period of two

months. I don't think Mr. Dixon is a big fish but nevertheless he was selling drugs in our community and that cannot be tolerated." The trial court merged count two into count one in each case and sentenced the appellant to three, five and one-half-year sentences to be served concurrently. The trial court determined that it had no discretion to grant alternative sentencing because the offenses were committed in a drug-free zone and ordered that the appellant serve his sentences in confinement.

Appellate review of the length, range, or manner of service of a sentence imposed by the trial court are to be reviewed under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012). In sentencing a defendant, the trial court shall consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; see also Bise, 380 S.W.3d at 701; State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008). Our

supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343. Appellate courts are "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

In this case, the trial court applied one enhancement factor. Although the court did not announce the amount of weight it gave to the factor, the trial court obviously thought the appellant's prior criminal history and behavior, which included not only his prior convictions but his years of cocaine use, justified enhancing his sentences from three years, the minimum punishment in the range, to five and one-half years, just six months shy of the maximum punishment in the range. The weighing of mitigating and enhancing factors is left to the trial court's sound discretion. Carter, 254 S.W.3d at 345. Furthermore, the 2005 amendments to the 1989 Sentencing Act "deleted as grounds for appeal a claim that the trial court did not weigh properly the enhancement and mitigating factors." Id. at 344.

In our view, the trial court's statements also demonstrate that it was concerned about the appellant's claim that he was not a drug dealer despite his selling drugs to a CI on three separate occasions. We note that a court should consider a defendant's potential or lack of potential for rehabilitation in determining the length of a sentence. See Tenn. Code Ann. § 40-35-103(5). A defendant's failure to accept responsibility for his criminal conduct reflects poorly on his potential for rehabilitation. See State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994). Therefore, we conclude that the trial court did not abuse its discretion by sentencing the appellant to an effective sentence of five and one-half years in confinement.

Although not raised by either party, we note clerical errors on the judgments. The judgments state that the appellant was convicted of selling or delivering less than one-half gram of a Schedule II drug within a drug-free school zone. Those offenses would be Class B felonies pursuant to Tennessee Code Annotated section 37-17-432(b)(1). However, Tennessee Code Annotated section 37-17-432(b)(3) specifically exempts recreational centers, parks, and other areas from incarceration at the higher classification. Thus, the trial court properly sentenced the appellant in this case for Class C felonies. Nevertheless, we must remand in order for the word "school" to be removed from the convicted offenses on the judgment forms and for the forms to be marked that the appellant must serve the minimum punishment in the range, three years, before being eligible for release as required by Tennessee Code Annotated section 39-17-432(c).

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

_____
NORMA MCGEE OGLE, JUDGE